UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KANAL V. GASTON,<br><br>    Plaintiff,<br><br>  v.<br><br>HARRIS COUNTY, et al.,<br><br>    Defendants. | Case No. 11-cv-6676 NC<br>Case No. 11-cv-6677 NC<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE**<br><br>Re: Dkt. No. 64 |

The Court previously dismissed all claims in plaintiff Kanal Gaston's complaint against defendants Google, LexisNexis, BMD, and the Texas Attorney General's Office with prejudice. Dkt. No. 63. The Court also dismissed Gaston's complaint against defendants Maria Raquel Rivas and the Harris County District Attorney's Office without prejudice. *Id.* On May 21, 2012, Gaston, proceeding pro se and in forma pauperis, filed an amended complaint "curing the defects in his original complaint." Pl.'s Amd. Compl., Dkt. No. 64.

Finding Gaston's amended complaint fails to state a claim upon which relief can be granted, the Court DISMISSES the amended complaint as to all defendants with prejudice under 28 U.S.C. § 1915(e)(2).

//

## I. BACKGROUND

Gaston's original complaint recounted a series of events involving Gaston's former employer, Harris County, and his ex-girlfriend, Rivas. *See* Pl.'s Compl., Dkt. No. 1. Based on these events, Gaston asserted five claims for relief against defendants Harris County, Rivas, Google, LexisNexis, Business Management Daily ("BMD"), and the Texas Attorney General's Office including: defamation and defamation per se (Count I); defamation, defamation per se, and punitive damages (Count II); retaliation and wrongful termination of employment (Count III); harassment and sexual harassment (Count IV); and violation of U.S. Constitutional and Texas state laws (Count V). Pl'.s Compl. ¶¶ 30-41.

Defendants Google and LexisNexis moved to dismiss Gaston's complaint under Federal Rule of Civil Procedure 12(b)(6) on grounds of claim preclusion. Google's Mot. Dismiss, Dkt. No. 15; LexisNexis' Mot. Dismiss, Dkt. No. 48. Defendant BMD moved to dismiss Gaston's complaint asserting that the complaint was barred by the one-year statute of limitations under California law; that BMD has an absolute defense of "truth" to plaintiff's defamation claim; and that BMD has an absolute defense of "privilege" based on its accurate reporting of a judicial proceeding under California Civil Code § 47(d). BMD's Mot. Dismiss, Case No. 11-cv-06676, Dkt. No. 30; Case No. 11-cv-06677, Dkt. No. 14. Defendant Harris County District Attorney's Office moved to dismiss the complaint on the basis of lack of personal jurisdiction under Rule 12(b)(2) and improper venue under Rule 12(b)(3). Harris County's Mot. Dismiss, Dkt. No. 37.

The Court granted defendant Google, LexisNexis, and BMD's motions to dismiss with prejudice and sua sponte dismissed the Texas Attorney General's Office from the action with prejudice. *See* Order Granting Mot. Dismiss, Dkt. No. 63.

The Court dismissed Gaston's claims against defendants Harris County and Maria Raquel Rivas without prejudice, allowing Gaston to amend his complaint to cure any deficiencies. *See id.* at 15-16. In the order, the Court warned Gaston that failure to file an amended complaint to cure any defects within thirty days of the order, or May 16,

Case Nos. 11-cv-6676 NC, 11-cv-6677 NC
ORDER DISMISSING
AMENDED COMPLAINT                 2

1  2012, would result in dismissal of the action with prejudice. *See id.* at 16.

2      On May 21, 2012, the Court received an envelope containing Gaston's untimely
3  "amended complaint with cured defects." Pl.'s Amd. Compl., Dkt. No. 64. Though only
4  two defendants, Rivas and Harris County, remain in this action, Gaston refers broadly to
5  "all defendants" throughout the amended complaint. *See id.*

6      On June 7, 2012, LexisNexis filed a motion to dismiss Gaston's amended
7  complaint, asking the Court to affirm its April 16, 2012 order disposing of all claims
8  against LexisNexis or, in the alternative, to dismiss Gaston's amended complaint with
9  prejudice. LexisNexis' Mot. Dismiss Amd. Compl., Dkt. No. 65.

## III. DISCUSSION

11      As an "amended complaint supersedes the original, the latter being treated
12  thereafter as non-existent," here the Court exclusively addresses Gaston's amended
13  complaint. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011); *see also*
14  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) (holding that claims in
15  the original complaint that are not realleged in the amended complaint are no longer
16  before the court).

17      At the time Gaston filed his original complaint, he was granted leave to proceed
18  in forma pauperis under 28 U.S.C. § 1915. *See* Order Granting IFP Appl., Dkt. No. 7.
19  The in forma pauperis statute provides that the Court shall dismiss the case if at any time
20  the Court determines the action (1) fails to state a claim on which relief may be granted;
21  (2) is frivolous or malicious; or (3) seeks monetary relief against a defendant who is
22  immune from such relief. 28 U.S.C. § 1915(e)(2). Although the Federal Rules adopt a
23  flexible pleading policy, in order to state a claim for relief, a plaintiff must "provide the
24  'grounds' of his 'entitlement to relief,'" which "requires more than labels and
25  conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations
26  omitted) (finding a complaint must contain factual allegations sufficient to "raise a right
27  to relief above the speculative level."). A plaintiff must therefore allege with at least
28  some degree of particularity the overt acts which the defendants engaged in that support

Case Nos. 11-cv-6676 NC, 11-cv-6677 NC
ORDER DISMISSING
AMENDED COMPLAINT          3

1  plaintiff's claims. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir.
2  1984).

3  In his original complaint, Gaston failed to state facts against each defendant who
4  allegedly violated his rights. *See* Pl.'s Compl. As a result, this Court dismissed Gaston's
5  complaint for failure to state a claim. Order Granting Mot. Dismiss. The Court has
6  reviewed Gaston's amended complaint and finds that Gaston again fails to allege a
7  specific claim on which relief may be granted. *See Barren v. Harrington*, 152 F.3d
8  1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that
9  show that an individual was personally involved in the deprivation of his civil rights.").
10 In the amended complaint, Gaston asks for relief in the amount of $100 billion. Pl.'s
11 Amd. Compl. at 4. Gaston's vague allegations, including that "defendants" have
12 committed . . . crimes . . . against Gaston including torture, false imprisonment,
13 kidnaping, battery, assault, retaliation, stalking, burglary, illegal search and seizure,
14 theft, bribery, coercion, harassment & sexual harassment, invasion of privacy,
15 entrapment, unlawful electronic hacking and interception of electronic communications"
16 fail to allege specific constitutional or civil rights violations. *See id.* at 2. The remainder
17 of Gaston's amended complaint, consisting of a plea to the Court for assistance in
18 "invit[ing] all Media Outlets into this case and expose the vicious and secret criminal
19 activities of these wicked women and men against their own citizens" and for the Court
20 to warn the citizens of Houston, Texas to "get out now" and "evacuate," also fails to
21 state a claim for relief. *See Jones*, 733 F.2d at 649. The Court finds Gaston has failed to
22 present a cognizable claim on which relief may be granted.

23 Gaston also fails to cure any of the defects as stated in this Court's order
24 dismissing the original complaint. *See* Order Granting Mot. Dismiss; *see also Mir v.*
25 *Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980) (holding the district court's discretion to
26 dismiss a case with prejudice is especially broad "when the court has already given a
27 plaintiff one or more opportunities to amend his complaint.").

28 Under Federal Rule of Civil Procedure 15(a)(2) a court should "freely give leave

Case Nos. 11-cv-6676 NC, 11-cv-6677 NC
ORDER DISMISSING
AMENDED COMPLAINT           4

1  [to amend a complaint] when justice so requires." FED. R. CIV. P. 15(a)(2). If
2  amendment would be futile, however, dismissal must be with prejudice. *Carrico v. City*
3  *& Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Finding further
4  amendment futile, the Court dismisses Gaston's amended complaint with prejudice.

## IV. CONCLUSION

Because Gaston's amended complaint fails to state a claim upon which relief can be granted, the Court DISMISSES the amended complaint under 28 U.S.C. § 1915(e)(2)(B) with PREJUDICE. The Court finds that IFP appeal of this order of dismissal would be frivolous. The Court shall issue a separate judgment, and the Clerk shall close this file.

IT IS SO ORDERED.

DATED: June 11, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case Nos. 11-cv-6676 NC, 11-cv-6677 NC
ORDER DISMISSING
AMENDED COMPLAINT                5